NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2018[*]
Decided May 21, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-3092

| | |
|---|---|
| DWAYNE RHOINEY, | Appeal from the United States District |
|     *Petitioner-Appellant*, | Court for the Northern District of Indiana, |
| | South Bend Division. |
|     *v*. | |
| | No. 3:17-CV-147 JD |
| RON NEAL, | |
| Superintendent of Indiana State Prison, | Jon E. DeGuilio, |
|     *Respondent-Appellee*. | *Judge*. |

**O R D E R**

Prisoner Dwayne Rhoiney petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 to contest discipline he received—loss of earned sentence credits and demotion to a lower credit-earning class—for assaulting a staff member. The district judge denied Rhoiney's petition, concluding that Rhoiney received due process during his disciplinary proceedings. We agree and affirm the judgment.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In December 2016, Rhoiney attacked Officer Powell Smith at Indiana State Prison. Smith wrote in a conduct report that he told Rhoiney to go to his cell, but Rhoiney "struck" Smith on the left side of the head and then "lunged" at him. Smith got Rhoiney to the ground, but then Rhoiney bit Smith on his right-hand ring finger. A staff witness, according to a later investigative report, said that after the altercation Smith was bleeding from "bite marks" on his right hand. Smith sought immediate medical attention and was prescribed medication; he was sent back to work the same day with no restrictions. According to Smith's medical record, he was diagnosed with a contusion to the left side of his head, a human bite, and a sprained right ankle.

Disciplinary proceedings commenced on the charge of "assault/battery" as defined by the Disciplinary Code for Adult Offenders in section A-102, which requires proof of the victim's "serious bodily injury." The hearing officer reviewed the conduct report, as well as "staff reports," "evidence from witnesses," the investigative report, and Smith's medical report. The latter two documents were deemed confidential and withheld from Rhoiney. The hearing officer concluded that Rhoiney was guilty of causing serious bodily injury to a staff member. The officer sentenced Rhoiney to revocation of 120 days of earned sentence credits, demotion from credit class 1 to credit class 2 (which will result in him earning sentence credits at a slower rate), restrictive housing, and restitution for Smith's medical costs.

Rhoiney appealed the disciplinary decision administratively, but his appeals were denied. Rhoiney then petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. He contended he was denied due process in two ways: (1) he was not allowed to view the investigative or medical reports before the hearing, and (2) the evidence did not support his conviction. The district court concluded that Rhoiney had no due-process right to view the confidential materials, and that "some evidence" supported the finding of guilt. We review the denial of Rhoiney's petition de novo. *See Scruggs v. Jordan*, 485 F.3d 934, 938 (7th Cir. 2007).

On appeal Rhoiney primarily argues that the evidence does not support a finding that he is guilty of causing "serious bodily injury." At most, he says, the battery resulted in "bodily injury." The disciplinary code defines a "serious bodily injury" as one that "requires urgent and immediate medical treatment" or that causes "extreme pain," among other possible effects. "Bodily injury" is an injury that "causes a physical impairment, including physical pain." Rhoiney questions whether Smith really needed immediate medical attention, suggesting that the officer may have sought treatment

only for purposes of workers' compensation benefits. He further contends that no evidence at all supports the claim of "extreme pain" or of a sprained ankle.

Although Rhoiney has a protected liberty interest in his earned sentence credits, *see Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016), the decision to revoke them must be supported only by "some evidence"—a "meager threshold." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011); *see Superintendent v. Hill*, 472 U.S. 445, 455 (1985). We will not reweigh the evidence underlying the hearing officer's decision. Instead we confine our inquiry to whether any reliable evidence exists to support the conclusions drawn by the hearing officer. Once found, we will not look to see if other record evidence supports a contrary finding. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

We conclude that the record contains "some evidence" of "serious" injury. There was evidence that after the altercation, Smith was bleeding from a bite wound, for which he immediately sought medical attention. He also had a head contusion and a sprained ankle. Any one of these injuries, and certainly all in combination, allowed the hearing officer to reasonably infer that Rhoiney caused Smith "extreme pain" and that Smith needed "urgent and immediate" medical attention.

We note, however, that although the record contains sufficient evidence to uphold the discipline, Rhoiney has not seen all of it. The medical report and most of the investigative report were withheld from Rhoiney during his disciplinary proceedings, and again during this lawsuit as nonpublic documents with "ex parte restrictions." *See Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003) (noting that it can be appropriate to withhold evidence from prisoner after in camera review). The decision to withhold those documents from Rhoiney during the disciplinary proceedings for safety and security reasons did not deprive Rhoiney of due process because the documents were not exculpatory. *See Jones*, 637 F.3d at 847–49.

But Rhoiney's lack of access to these documents has also affected his ability to litigate his habeas corpus petition on appeal. For example, Rhoiney contends that there is no evidence that Smith suffered a sprained ankle—a logical argument, since that evidence is found only in the medical report that Rhoiney has never seen. For that reason, Rhoiney argues that counsel for the Superintendent has "misrepresented evidence" throughout these proceedings. We do find it puzzling that the Superintendent has insisted on keeping Smith's medical record away from Rhoiney, particularly since he has made public—through filings in this court and the district court—most of the relevant information it contains. We see no reason that any sensitive identifying information could not have been redacted and Rhoiney's use of the report

restricted by a protective order. Still, whether or not Rhoiney has seen all of it, there is "some evidence" supporting the revocation of his earned sentence credits, *see Jones*, 637 F.3d at 849, so we must affirm the district court's judgment sustaining the disciplinary hearing officer's finding of guilt.

Rhoiney's additional arguments lack merit, so we will not discuss them.

AFFIRMED